CHARLES O. BARNES ET AL. v. CORNELIUS J. REILLY, CIRCUIT JUDGE OF WAYNE COUNTY.

*Garnishment—Negotiable paper—Disclosure of principal defendant —Contempt.*

1. How. Stat. § 8081, is construed as follows:

   *a*—The clause declaring that all bills of exchange and promissory notes in the hands of the garnishee at the time of the service of the writ shall be deemed effects under the provisions of the act, refers to that class of paper mentioned in How. Stat. § 8064, and which is to be delivered to the commissioner or receiver to collect, and apply the proceeds upon any execution in favor of the plaintiff and against the garnishee, etc.

   *b*—The balance of the section is intended to reach the indebtedness of the garnishee to the principal defendant evidenced by a bill of exchange or promissory note in the hands of the principal defendant at the time of the service of the writ upon the garnishee, where such bill or note is negotiable and made payable in this State, or the parties resided in this State when the note was made or bill accepted.

2. A principal defendant, who refuses to answer on oath interrogatories respecting the possession, transfer, or other disposition of negotiable bills of exchange or promissory notes in his hands at the time of the service of the writ of garnishment, where made payable in this State, or the parties resided therein when the note was made or bill accepted, may be punished as for a contempt under How. Stat. § 8033, and held in custody until he makes such disclosure. It is not necessary to allege that the refusal of the principal defendant to answer or his secretion of the facts is fraudulent.

3. The legal effect of disposing of property, and converting the avails into negotiable paper, and secreting it from creditors, is a fraud upon them.

*Mandamus.* Submitted June 3, 1890. Denied June 10, 1890.

Relators applied for *mandamus* to set aside an order

adjudging them guilty of contempt in a garnishment proceeding. The facts are stated in the opinion.

*W. F. McCorkle* (*Levi T. Griffin,* of counsel), for relators.

*Bowen, Douglas & Whiting,* for respondent.

CHAMPLIN, C. J. The Mechanics' Bank of Detroit commenced suit in the Wayne circuit court against Ephraim K. Roberts as maker, and Charles O. Barnes, Cyrus B. Barnes, and William H. Barnes, copartners, doing business under the firm name of Barnes Bros., as indorsers, of a promissory note for $2,000, and garnished one Charles W. McCorkle as a debtor of Barnes Bros., and also as having property, money, or effects in his hands belonging to Barnes Bros. McCorkle made disclosure from which it appears that he purchased the entire stock in trade of Barnes Bros., for which he gave 45 promissory notes, of $1,000 each, payable to the order of Barnes Bros., and maturing monthly from date, and that he also held certain promissory notes belonging to Barnes Bros., which he specifically described.

Counsel for the Mechanics' Bank then cited the defendants Barnes to appear before a circuit court commissioner under How. Stat. § 8081, and answer all interrogatories respecting the possession, transfer, or other disposition of said promissory notes given by McCorkle to Barnes Bros. They appeared, but refused to answer any interrogatories respecting the possession, transfer, or other disposition of said promissory notes received by them from McCorkle. The commissioner certified the matter to the circuit court, and the court issued an order for the defendants to show cause why they should not be adjudged guilty of contempt in refusing to answer such interrogatories, and be punished therefor. They

appeared, and by counsel admitted the refusal to answer such interrogatories, and denied the authority of the court to adjudge them guilty of contempt, on the ground that the statute does not provide for a case where the principal defendant can be called upon summarily to testify as to the disposition of notes which are not in the hands of the garnishee at the time of the service of the writ of garnishment. The court held the parties to have been guilty of contempt, and made an order accordingly, which the relators ask us to vacate and set aside.

The sections of the statute which we are to construe read as follows:

"Sec. 8081. All bills of exchange and promissory notes in the hands of the garnishee at the time of the service of the writ of garnishment shall be deemed effects under the provisions of this act; and if it shall appear by the disclosure that the garnishee at such time or thereafter, and prior to the disclosure, is indebted to the principal defendant by such bill or negotiable promissory note, and made payable in this State, or the parties to which at the time of making the same resided in this State, the judge or commissioner may issue a citation requiring the principal defendant to appear before him, and answer on oath all interrogatories respecting the possession, transfer, or other disposition of said bills of exchange or promissory notes, and such order may contain the name of any other person supposed to claim an interest in such paper, so that he may appear and show that the same was transferred to him in good faith, and for an adequate consideration, before the service of the writ of garnishment; and such citation shall be of ten days, and may be served by any person at least five days prior to the return-day, and returned by affidavit, and shall be annexed to the commissioner's report.

"Sec. 8082. The parties cited shall be examined in like manner as the garnishee, and if it shall not appear that the note or bill was so transferred, the maker or acceptor shall be charged as garnishee, and the payment of the judgment rendered against him shall be a discharge from the note, or such parts thereof as is equal to the amount so paid by him, together with all costs taxed in his favor.

"SEC. 8083. If the principal defendant or other party cited shall refuse to appear upon such citation, upon the filing of the report he may be proceeded against as for a contempt, or brought before the court on a bench-warrant, and fined in the discretion of the court, and held in custody until disclosure to the court, the same to be reduced to writing by the clerk, and attached to the report."

The language of section 8081 is not as plain as it might be, but, by reading the three sections together, the intent of the Legislature by the enactment is readily seen. That clause of section 8081, declaring that all bills of exchange and promissory notes in the hands of the garnishee at the time of the service of the writ shall be deemed effects under the provisions of the act, refers to that class of paper mentioned in section 8064. The balance of the section is intended to reach the indebtedness of the garnishee to the principal defendant, whether such indebtedness is evidenced by a bill of exchange or promissory note in the hands of the principal defendant at the time of the service of the writ of garnishment upon the garnishee, in cases where the bill or note is negotiable and made payable in this State, or the parties resided in this State at the time the note was made or the bill accepted.

In order to make the statute of any effect, it is apparent that the principal defendant must disclose under oath respecting the possession, transfer, or other disposition of such bills of exchange or promissory notes. And it is just as essential that he should answer the interrogatories as it is that he should appear, and his refusal to do either may be treated as a contempt. The statute is specific that he may be fined for the contempt, and be held in custody until he discloses to the court. It is not necessary to allege that his refusal to answer or his secretion of the facts is fraudulent, although the legal effect of disposing of property, and coverting the avails into nego-

tible promissory notes or bills of exchange, and secreting them from creditors, is a fraud upon them. The statute is designed to reach this class of property in the hands of a debtor, and apply its avails to the satisfaction of the creditors' claims, when established by judgment against the principal defendant.

The writ prayed for must be denied.

The other Justices concurred.